The City of New York, Respondent, v. The New York Central Railroad Company and New York and Harlem Railroad Company, Appellants.— Order affirmed, with twenty dollars costs and disbursements. No opinion. Present — Martin, P. J., McAvoy, O'Malley, Dore and Cohn, JJ.; Dore, J., dissents and votes to reverse and deny the motion.

## (March 12, 1937.)

In the Matter of the Application of DOROTHY KRATZ and ETHEL KRATZ, Individually and as Guardian ad Litem of DOROTHY KRATZ, a Former Infant, Appellants, against THOMAS J. O'NEILL, an Attorney and Counselor at Law, Respondent.

No opinion. Present — Martin, P. J., McAvoy, O'Malley, Townley and Cohn, JJ.; Martin P. J., dissents; dissenting opinion by Martin, P. J.,

MARTIN, P. J. (dissenting). The order made herein by Mr. Justice McCOOK directed that:

" Now, on motion of Thomas J. O'Neill, attorney for the plaintiff herein, it is

" Ordered that upon filing a surety company bond in the sum of $25,000.00, Ethel Kratz, as guardian ad litem of Dorothy Kratz, an infant, be and she hereby is authorized and empowered to collect the amount of the judgments, interest and costs in this action from the defendant, Joseph H. Freedlander, for the sum of $32,391.50, and the plaintiff or her attorney, Thomas J. O'Neill, execute appropriate satisfactions of judgment, releases, discontinuances and receipts as may be required to the defendant, upon receiving the said sum of $32,391.50 from the defendant, and it is further

" Ordered that Ethel Kratz, as guardian ad litem of Dorothy Kratz, an infant, pay to Thomas J. O'Neill, Esquire, for his services inclusive of disbursements and the statutory costs upon the trial and appeals in the various courts, the sum of $11,070.29."

That order was wholly disregarded. Instead of arranging for the collection of the judgment, interest and costs totaling $32,391.50 by the guardian ad litem, the attorney collected the judgment and then drew his check to the order of the guardian for the balance of the amount collected after he had deducted his fee. Through the fraud of the attorney's employee part of the proceeds was stolen. If the attorney had obeyed the order of Mr. Justice McCook, the infant's money would have been safe and such theft could not have been perpetrated.

On the admitted facts, the attorney, in my opinion, is liable for that part of the fund which was stolen by his employee.

I dissent and vote to reverse.